## Giles v. Chang

*Helen Kotler,* for plaintiff.
*Gail L. Gratton,* for defendant.
*Damon Faldowski,* for defendant.
*Elizabeth T. Winson,* for defendant.
*Paul Vey,* for defendant.

SCHERER, *J.,* April 22, 1991—This matter comes before the court upon the plaintiffs' motion to compel discovery.

The present matter is a medical malpractice claim made against the defendant Dr. Chang and the defendant Frick Community Health Center (hereinafter the defendant-hospital). The plaintiffs have alleged that the defendant-hospital failed to exercise due care in hiring or supervising its staff. The plaintiffs are seeking to discover the procedures

used by the defendant-hospital and credentials committee to verify information provided by doctors on staff reappointment forms.

The plaintiffs' motion to compel arises from depositions taken of hospital staff members, Arlene J. Assey, R. Efren Leonida, M.D., and Joseph A. O'Leary. The defendant-hospital's counsel objected to numerous deposition questions and instructed the deponents not to answer based on the Peer Review Protection Act or based on lack of foundation. The deponents did not answer questions regarding the process used to reappoint staff members, including whether the reappointment process involved checking court dockets to corroborate information provided by doctors in regard to pending malpractice cases.

The plaintiffs state that the questions at issue do not involve the free exchange of information among peers but address whether the forms contain true information and what actions the hospital takes to verify the information provided by the doctors. The defendant-hospital responds that the Act protects the activities of any committee whose actions bear upon the quality of patient care. The credentials committee and medical executive committee are peer review committees at the defendant-hospital and the defendant-hospital argues that the proceedings before such committees are not subject to discovery.

The first issue before the court is whether the information sought by the plaintiffs is protected by the Peer Review Protection Act. Under the Act, 63 P.S. §425.1 et seq., the legislature seeks to foster free and frank discussions by medical review organizations by protecting the committee's proceedings and records. *Steel v. Weisbert,* 368 Pa. Super. 590, 534 A.2d 814 (1987).

"The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of matters which are the subject of evaluation and review by such committee and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions or any other actions of such committee or any members thereof: Provided, however, that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings." 63 P.S. §425.4.

The defendant-hospital asserts that discovery of the information sought by the plaintiffs is prohibited in *Sanderson v. Bryan,* 361 Pa.Super. 491, 522 A.2d 1138 (1987). The *Sanderson* court stated protection extends to peer review committee reports, records, proceedings and testimony. A peer review committee's purpose under the definition of a review organization is to evaluate and to improve the quality of health care, to reduce morbidity and mortality, and to establish and enforce guidelines to maintain reasonable health care costs. *Sanderson,* 522 A.2d at 1141.

Specifically, *Sanderson,* held that peer review material concerning the treatment of persons other than the plaintiff are not discoverable. *Id.* at 1139. The court explained that the plaintiff had access to his own medical records and other relevant business records, persons with first hand knowledge of the incident could testify, and the plaintiff could hire his own expert. *Id.* at 1143.

The present plaintiff's assert that the information sought is necessary to develop the hospital's negligence in failing to supervise the quality of care or competence of its staff. *See Thompson v. Nason Hosp.,* 370 Pa. Super. 115, 535 A.2d 1177 (1988). However, the plaintiffs have the opportunity to pursue their case as the plaintiff in *Sanderson,* without violating the Peer Review Protection Act.

There is limited case law discussing the application of the Peer Review Protection Act. In *Fowler v. Pirris,* 34 D.&C.2d 530 (1975), the plaintiff pursued a theory that the hospital was negligent by permitting unqualified medical practitioners to render treatment. The court stated that the Act is "not meant to insulate hospital groups from liability if that group in their negligent review of staff applications permitted one not fully qualified to administer expert medical service." *Id.* at 637. The court stated that the Act is to protect the individuals who report to review groups.

The *Fowler* court ordered that the documents reflecting the governing body's review of the defendant-doctor be made available, provided that the documents did not reveal minutes or discussions of the committee. The plaintiffs in the present dispute argue that *Fowler* controls the issue now before the court. The plaintiffs have already received in discovery, documents reflecting the gov-

erning body's review of Dr. Chang, including applications for staff privileges and committee rules and regulations.

The purpose of peer review is to improve the quality of care from health care providers through review by other health care providers. *O'Neill v. McKeesport Hosp.,* 48 D.&C.3d 115 (1987). Effective peer review requires review committees to make comprehensive and honest evaluations. Such an evaluation may be critical and if the evaluation can be used in a medical malpractice action it is less likely that hospitals will seek peer review or that physicians will make honest and comprehensive evaluations. The benefit of such a system will be outweighed by the injury caused in disclosure. *Id.* at 124.

The *O'Neill* court further stated that only the findings and conclusions of the peer review committee are protected. *Id.* at 125. A civil action against a hospital based on negligent performance of the review committee is, under the Act, a civil action resulting from matters evaluated and reviewed by committees. *Id.* at 128.

Protection under the Act also applies to questions asked of an administrator as to whether there has been an infraction of the rules concerning a defendant-doctor. *Bandes v. Klimowski,* 3 D.&C.3d 11 (1977).

In discovery, the hospital produced Dr. Chang's initial application for medical staff privileges, application for privileges 1984-1986, and application for privileges 1986-1988. The plaintiffs may analyze the medical staff by-laws, rules and regulations which were already provided in discovery to determine the standards applied by the committee. However, the committee proceedings, methods of review and discussion of the information provided by Dr. Chang

are not subject to disclosure. The plaintiffs have the information which the peer review committee possessed. How the committee used the information is protected under the Act.

Information which is protected by the Act may be discovered if an exception exists under 63 P.S. §425.3. The Act does not extend the protection from liability to individuals who deliberately provide a peer review committee with false information.

The plaintiffs argue that to allow no testimony as to the committee's process of investigation of reappointment forms or as to what is meant by moral behavior for approving a doctor, will permit total immunity for a doctor who has presented false information.

In *Steel v. Weisberg,* the plaintiff sought to obtain a letter written by the defendant-doctor to the chairman of a peer review committee. In pursuing a defamation action, the plaintiff sought to have the chairman answer deposition questions regarding the letter. The chairman refused based on the Peer Review Protection Act.

The issue before the *Steel* court was whether the chairman's receipt of the letter was a "proceeding" under the Act. The court stated it was logical to conclude that a proceeding included the "receipt, by a committee member in his official capacity, a claim regarding a health care provider." *Steel,* 534 at 817. The chairman argued that the exception to immunity from discovery in regard to matters within his own knowledge, applied to matters learned through non-committee activity only. *Id.*

The court rejected the chairman's argument on the grounds that such an interpretation would protect individuals who give false information to peer review committees. The court concluded that the confidentiality provisions of the Act did not prohibit

the plaintiff from discovering the limited information requested, whether the letter was received and to whom it was distributed. *Id.* at 819.

The present plaintiffs argue that questions pertaining to whether the medical staff investigated information contained on a reappointment information form are information within the deponent's own knowledge and therefore, not confidential. The deponents answered numerous questions including whether they knew of the alleged affair between the plaintiffs and Dr. Chang. The discovery of information within the deponent's own knowledge does not include conclusions and opinions made about Dr. Chang which arise from peer review activity.

The present plaintiffs assert that the information contained on Dr. Chang's reappointment form, indicating only one malpractice case pending, is inconsistent with court records. The plaintiffs argue that as a result of this false information Dr. Chang should not be protected by the confidentiality provisions of the Act.

On his reappointment information form, March 29, 1984, Dr. Chang indicated that "yes" he had been involved in medical malpractice cases. He provided little explanatory detail but, this lack of detail is not enough for the court to conclude that Dr. Chang deliberately provided false information thereby removing the confidentiality of the Peer Review Act.

On a second reappointment information form, 1986-1988, Dr. Chang indicated that he had been involved in malpractice cases. The form's instructions direct that details are to be provided on a separate sheet. There is no indication that the committee was not provided with the appropriate details. Any discussion or analysis which may have

occurred with peer review committee members as to malpractice cases involving Dr. Chang, is protected by the Act.

As to the plaintiffs' deposition questions which were not governed by Peer Review Protection Act, the court finds that the questions were answered, rephrased and answered, or the objections were legitimate.

The court will enter the following order.

## ORDER OF COURT

And now, to wit, April 22, 1991, the plaintiffs' motion to compel discovery is denied in its entirety.